Ruth ALEXANDER et al., Appellants,

v.

Abe ALEXANDER, Jr., Appellee.

No. 6184.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 2, 1958.

Rehearing Denied Oct. 29, 1958.

Philip Shafer and Fowler & Conn, Houston, for appellant.

W. C. McClain, Conroe, for appellee.

ANDERSON, Justice.

Appellants, of whom there are many, were plaintiffs in the trial court. They are children and grandchildren of Abe Alexander, deceased. Appellee, who is himself a son of the decedent, was sued both individually and as executor of the will of his deceased father. The object of the suit, as reflected by the plaintiffs' trial pleadings, was to engraft on the will of Abe Alexander, deceased, a parol trust and then to have the trust terminated. Judgment for the defendant was rendered upon a jury verdict.

Appellants, who are represented on appeal by attorneys who were not of counsel for them in the trial court, have brought forward in their brief fifteen points of alleged error. We fail to find merit in any of them.

■ Appellants urge that the trial court erred in allowing the case to go to trial and in submitting to the jury special issue No. 1, after they, the plaintiffs, had taken a non-suit in another action that earlier had been consolidated with the case at bar. The dismissed action was one that was before the court on appeal from the county, or probate, court of Montgomery County. Appellants had appealed from an adverse judgment of the county court in a suit they—purporting to act under Article 5534, Vernon's Annotated Texas Civil Statutes— had filed on March 21, 1957, to contest the validity of the decedent's will, which the probate court of Montgomery County had previously admitted to probate on July 17, 1944.

The questions so presented do not appear to have been raised in any manner in the trial court, but we have nevertheless considered them.

The argument advanced by appellants under the two points is that the appeal from the adverse judgment of the County Court in their suit under Article 5534, supra, to contest the validity of the will had the effect of vacating the earlier judgment of the County Court admitting the will to probate and of placing the entire matter in the district court for trial de novo, and that when the district court dismissed their contest after they had asked leave to take a non-suit, the will stood as if it had never been admitted to probate.

Appellants have confused their contest of the will and the appeal from the adverse judgment of the County Court with opposition in the first instance to probate of a will and with an appeal from an order admitting a will to probate. The two situations are quite different and we think the unsoundness of the position the appellants have assumed in this instance is self-evident. Points one and two are overruled.

■ By their points three through six appellants complain of the exclusion of evidence they offered during trial of the case. They offered part of a judgment rendered in a cause in which appellee's mother had sued him to cancel a deed she had made him to her community half of the land that is here in litigation. Specifically, the plaintiffs offered in evidence that portion of the judgment that showed the special issues that had been submitted to the jury and the jury's findings. The issues pertained to misrepresentations, etc., which the jury found appellee had made to his mother to procure the deed.

The judgment was excluded upon appropriate objection by the defendants and we think properly so. Even assuming that appellee's acts and conduct in procuring the deed from his mother had been admissible in evidence in the case at bar to prove intent or system or something else, the jury findings, which were but the conclusion of the jurors, were not themselves acceptable evidence to prove such acts and conduct. Points three through six are therefore overruled.

By their points seven through ten, appellants claim that the special issues that were submitted to the jury were on the weight of the evidence, in that in each the will was spoken of as if there were no question about its having been signed by the decedent or about its being valid.

■ Appellants made no objection in the trial court to submission of any of the issues or to the form of any of the issues, and so waived any error that may have been involved in submission of the issues. But if objection had been made in the trial court on the grounds urged in this court, no error would be presented. The plaintiffs themselves placed the will in evidence and its validity was neither in issue nor questioned. The points are overruled.

■■ The last five of appellants' points have to do with whether there was evidence and sufficient evidence to support the verdict. They are all overruled. Appellants had the burden of proof on each of the issues that was submitted, and the jury failed to find in their favor on any of them. The evidence was conflicting and so appellants were not entitled to an instructed verdict. Nor do we think the evidence so preponderated in their favor as clearly indicate that the jury should have answered the issues in their favor.

The judgment of the trial court is affirmed.